UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 11-180-C**

**MICHAEL PAUL BRIZENDINE,**                                                                                    **PETITIONER,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**PILLIP W. PARKER, WARDEN,**                                                                                    **RESPONDENT.**

\* \* \* \* \* \* \* \* \*

  This matter is before the court on Magistrate Judge James D. Moyer's report and recommendation (R. 16) for disposition of Michael Paul Brizendine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Judge Moyer recommends denial of all of Brizendine's claims – the first five on the merits and the remainder because Brizendine has failed to show cause to excuse his default as to those claims.  Brizendine objects to both recommendations and cites new United States Supreme Court precedent that he asserts would excuse his procedural default.  Even under this new standard, however, Brizendine cannot establish cause that justifies his state-law default, and his non-defaulted claims do not provide grounds for federal habeas relief; accordingly, the court will adopt the majority of Judge Moyer's report and recommendation as the opinion of the court and will deny Brizendine's petition.

  The court adopts Section I of the report and recommendation, regarding findings of fact, and Section II A, regarding the applicable standard of review, in their entirety.

Brizendine's grounds for relief can be divided into two sections: claims one through five present the same claims which were asserted in his direct appeal; and claims six through twenty-three present arguments upon which Brizendine defaulted in state collateral proceedings.  The court adopts Judge Moyer's summary of the circumstances surrounding Brizendine's default at ¶¶ 8-10 (internal citations omitted):

> 8) The Kentucky Court of Appeals described the circumstances surrounding the petitioner's default. Nine months after conviction was affirmed, the petitioner filed a *pro se* motion to vacate, under Kentucky Rule 11.42 of Criminal Procedure, on numerous grounds of ineffective assistance of counsel, prosecutorial misconduct and other due process violations. The motion omitted factual allegations, but the petitioner also filed a motion to hold in abeyance in order "to factually, accurately, and completely present his assertions and evidence" to the court. The petitioner also filed a motion for appointment of counsel.
>
> 9) The trial court appointed an attorney from the state department of public advocacy and ordered that counsel "has 90 days to supplement." Appointed counsel filed no pleading whatsoever and the case lay dormant. Almost five years later, appointed counsel then filed a motion to submit on the pleadings and stated that counsel's review and investigation found "no additional facts or issues for supplementation." The petitioner then filed a *pro se* supplemental memorandum, but the trial court dismissed the motion, essentially filed six years after final conviction, on grounds of default.
>
> 10) The petitioner appealed, and the Kentucky Court of Appeals affirmed without reaching the merits of the underlying claims. The state court held that the motion did not conform with Rule 11.42's time and particularity requirements: 1) absent excusable neglect, a motion must be filed within three years of a final conviction; and 2) a motion must allege a factual basis entitling the movant to relief. The court reasoned that because representation does not excuse a litigant from giving a case personal attention and because the petitioner failed to offer any explanation for his own lack of diligence, the petitioner failed to show excusable neglect to supplement the original pleading.

Generally, a federal habeas court is prohibited from reaching the merits of claims that have been defaulted under state law, unless a petitioner can establish cause to excuse the procedural default. *See, e.g., Wainwright v. Sykes*, 433 U.S. 72, 84-85 (1977). Furthermore, pursuant to *Coleman v. Thompson*, 501 U.S. 722, 754-755 (1991), an attorney's errors in a postconviction proceeding do not constitute cause for a default. Under *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309, 1318 (2012), however, a federal habeas court is permitted "to hear a claim of ineffective assistance of trial counsel when an attorney's errors . . . caused a procedural default in an initial-review proceeding." A prisoner may establish cause for a procedural default:

> . . . where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id*. (internal citations omitted). Even taking *Martinez* into account, however, Brizendine's assertions do not constitute cause.

Brizendine cannot show cause that excuses his procedural default because the claims that are defaulted do not have merit, and therefore his ineffective-assistance-of-trial-counsel claims are not substantial under *Martinez*. The court, having reviewed those claims *de novo*, adopts Magistrate Judge Moyer's conclusions from ¶¶ 14-19 (internal citations omitted):

> 14) The magistrate judge further concludes that procedural default of these claims will not result in a miscarriage of justice. The petitioner

3

has provided nothing more than the generalized statement that he relied on counsel for over five years and has made no attempt to cure this same deficiency observed by the Kentucky Court of Appeals.

15) Just as his claims for excusing the default are not compelling, the underlying claims themselves lack substance. From the outset, a reading of the petitioner's ineffective assistance of counsel claims reveals inconsistent defense theories. On the one hand, the petitioner argues his attorney should have requested an extreme emotional distress ("EED") jury instruction because the evidence supported that the petitioner feared he was in danger (his surprise finding Nash and running from the residence); and, on the other hand, his counsel should have called an expert to challenge the ballistics evidence and secured alibi witnesses (unnamed) to prove his actual innocence. (Claims 7,8, 9, 19, 20.)

16) The petitioner premises many of the ineffective assistance claims and claims of prosecutorial misconduct on the assertions that the prosecution falsely offered evidence that the Tommy Hilfiger bag at the scene, was the same bag later seized, and that the victim Nash's wallet was stolen. According to the petitioner, an evidence log listed an intact wallet seized at the scene. (Claims 6, 10, 14, 15, 16, 17.) The Kentucky Court of Appeals explained that the log, provided to the defense in discovery, failed to show that the wallet belonged to Nash or the other victim and that, moreover, the Kentucky Supreme Court found other ample evidence to convict the petitioner of robbery. The Kentucky Supreme Court further concluded that the jury drew permissible inferences, supported by ample evidence including the Tommy Hilfiger bag, that the petitioner intended to commit a robbery.

17) The petitioner also challenges the constitutionality of Kentucky murder statutes, on their face and as applied, and the appropriateness of jury instructions based on textual distinctions between intentional, wanton, and felony murder. (Claims 11, 12, 13, 21, 22, 23.)

18) In at least two claims, the petitioner argues errors related to the ballistics evidence and the EED defense but fails to allege the denial of any federal right. (Claims 18, 19.)

19) After thorough consideration, the magistrate judge concludes that procedural default of claims 6 through 23 is an appropriate disposition and will recommend that the court deny the petitioner federal habeas review of these claims for failure to show cause and prejudice to excuse the state-law default.

Brizendine argues that, due to the circumstances surrounding the default, those claims are not sufficiently developed factually to allow for meaningful federal habeas review, and requests the opportunity to present new evidence on those claims.  The court's denial of those claims, however, does not turn on factual determinations, but on issues of law that are described with sufficient particularity in Brizendine's petition so as to allow the court to make the determinations above.  Furthermore, because those claims are not substantial, it is not likely that the outcome of his initial Kentucky 11.42 proceeding would have been different, and therefore his counsel's performance in that initial-review collateral proceeding was not ineffective.  *See Strickland*, 466 U.S. at 692.  Thus, Brizendine's claims cannot meet either prong of the two-part test established by *Martinez*, and therefore Brizendine cannot establish cause that excuses his procedural default on claims six through twenty-three.

Regarding claims one through five of Brizendine's petition, the court adopts Judge Moyer's report and recommendations at ¶¶ 20-30, and will deny those claims.

Finally, the court will deny a certificate of appealability.  No reasonable jurist could find debatable the conclusions that the petition fails on the merits on claims one through five, and that, even taking *Martinez* into account, claims six through twenty-three are barred as procedurally defaulted.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)

Accordingly, the court **ORDERS AS FOLLOWS**:

(1) Judge Moyer's report and recommendation (R. 16) are **ADOPTED** as the opinion of the court in the manner described above.

(2) Brizendine's petition for habeas corpus (R. 1) is **DENIED**.

(3) The Respondent's motion to dismiss (R. 13) and motion for summary judgment (R. 14) are **GRANTED**.

(4) A certificate of appealability is **DENIED** because no reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong.

(5) This matter shall be **CLOSED** and **STRICKEN** from the active docket.

A separate judgment will issue.

Signed on October 31, 2012

*Jennifer B. Coffman*
Jennifer B. Coffman, Judge
United States District Court